IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENTON WILLIE ROME HALL, | Case No. 1:10-cv-01426 OWW JLT (PC) |
| Plaintiff, | ORDER DENYING MOTIONS |
| vs. | |
| M. McALISTER, | (Docs. 9, 13, 14, 16, 18) |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has several motions pending before the Court.

I.  **PLAINTIFF'S MOTIONS**

   1.  **Motion for an Investigation**

On August 30, 2010, Plaintiff filed a motion requesting the Court investigate his prison's mailing system. (Doc. 9.) According to Plaintiff, his outgoing mail is either being delayed or not being sent altogether. (Id. at 1-3.)

Under these circumstances and given these limited facts, the Court is unable to afford Plaintiff relief. Federal courts are courts of limited jurisdiction, and as a general matter, must have before it an actual case or controversy to act. See City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983). Accordingly, the Court will not, nor does it have the authority to, launch general investigations into a prison's mailing system. To the extent that Plaintiff seeks relief regarding this

1

matter, he is advised to present his complaints to prison officials through the prison's inmate grievance process.

### 2. Motions for Appointment of Counsel

Plaintiff has filed two motions requesting the appointment of counsel. (Docs. 13 & 18.) In support of his requests for counsel, Plaintiff indicates that he is poorly-versed in the law, (Doc. 13 at 1,) has difficulty reading and writing, (Doc. 18 at 1-2,) and has difficulty obtaining legal materials. (Doc. 18 at 4-5.) Plaintiff also explains, in detail, several of the allegations made in his complaint.[1] Specifically, Plaintiff alleges that he is being fed tainted food and that prison officials are retaliating against him for an event that took place in 1997.

Plaintiff is advised that he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and that the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotations and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well-versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that

---

[1] This case was transferred to this Court on August 9, 2010, from the Central District of California. The Court has yet to screen Plaintiff's complaint and will do so in due course.

Plaintiff is unable to adequately articulate his claims. Accordingly, Plaintiff's motions for the appointment of counsel will be denied.

### 3. Motion to Preserve Evidence

On September 15, 2010, Plaintiff filed a motion requesting the Court confiscate and preserve a prison camcorder. (Doc. 14.) Plaintiff apparently believes that the camcorder and its recording will serve as evidence in this case. (See Doc. 13 at 2-5.) As noted above, however, the Court has yet to determine whether Plaintiff's complaint states a cognizable claim. Accordingly, at this early stage of the litigation, the Court declines to entertain any requests for the preservation of alleged evidence.

### 4. Motion for Status Conference

Finally, on September 24, 2010, Plaintiff requested a status conference before the assigned magistrate judge pursuant to Federal Rule of Civil Procedure 16. Plaintiff is advised in this regard that his personal appearance for a status conference is unnecessary in this case. See Local Rule 240(c)(8). Should the Court find that Plaintiff's complaint states a cognizable claim, the Court will *sua sponte* issue a scheduling order in due course. Accordingly, Plaintiff's motion for a status conference will be denied.

## II. CONCLUSION

In accordance with the above, it is HEREBY ORDERED that:

1. Plaintiff's August 30, 2010, motion for an investigation (Doc. 9) is denied;
2. Plaintiff's September 3, 2010, motion for appointment of counsel (Doc. 13) is denied;
3. Plaintiff's September 15, 2010, motion to preserve evidence (Doc. 14) is denied;
4. Plaintiff's September 24, 2010, motion for a status conference (Doc. 16) is denied; and
5. Plaintiff's October 8, 2010, motion for appointment of counsel (Doc. 18) is denied.

IT IS SO ORDERED.

Dated:  **October 15, 2010**              /s/ Jennifer L. Thurston
                                          UNITED STATES MAGISTRATE JUDGE