IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENTON WILLIE ROME HALL, | Case No. 1:10-cv-01426 OWW JLT (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM |
| vs. | |
| M. MCALLISTER, | (Doc. 35) |
| Defendant. | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTIONS FOR INJUNCTIVE AND MISCELLANEOUS RELIEF BE DENIED |
| / | (Docs. 20, 21, 22, 23, 25, 26, 27, 30, 32 & 33) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed June 27, 2011, the Court screened Plaintiff's complaint and dismissed it with leave to amend. (Doc. 34.) Now pending before the Court is Plaintiff's amended complaint filed July 18, 2011. (Doc. 35.)

**I.    SCREENING REQUIREMENT**

The Court is required to review a case in which a prisoner seeks redress from a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must review the complaint and dismiss any portion thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). If the Court determines the complaint fails to state a claim, leave to amend should be granted to the extent that the

deficiencies in the pleading can be cured by amendment.  Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

The Civil Rights Act under which this action was filed provides a cause of action against any "person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States.]"  42 U.S.C. § 1983.  To prove a violation of § 1983, a plaintiff must establish that (1) the defendant deprived him of a constitutional or federal right, and (2) the defendant acted under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989).  "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  In other words, there must be an actual causal connection between the actions of each defendant and the alleged deprivation.  See Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Nevertheless, a plaintiff's obligation to provide the grounds of entitlement to relief under Rule 8(a)(2) requires more than "naked assertions," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action."  Twombly, 550 U.S. at 555-57.  The complaint "must contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting Twombly, 550 U.S. at 570) (emphasis added).

**II.     THE AMENDED COMPLAINT**

Plaintiff alleges as follows.  In 1992, while housed at Folsom State Prison, Plaintiff was identified an inmate as a gang member.  (Doc. 35 at 3.)  Plaintiff was subsequently transferred to the California Correctional Institution in Tehachapi, California.  (Id.)  There, an inmate labeled Plaintiff a

2

"rat and a snitch" and started "putting a substance" in Plaintiff's food. (Id.) The correctional officers also began putting substances in Plaintiff's food in order to kill Plaintiff. (Id.)

From 1992 to 1997, Plaintiff was attacked by correctional officers several times . (Id. at 4.) In 1997, Plaintiff became fed up with the situation; he was "tired of being attack[ed] covertly everyday in [his] food by staff and the inmates." (Id.) Therefore, he decide to attack a correctional officer. (See id.) As a result of the altercation, Plaintiff was transferred to the mental hospital at Pelican Bay State Prison. (Id.) Prison officials at Pelican Bay State Prison did not put substances in Plaintiff's food. (Id.)

Plaintiff is currently confined at Kern Valley State Prison. (Id. at 1.) Plaintiff now complains that his food is being tampered with again. (Doc. 1-1 at 1.) Specifically, Plaintiff claims that prison officials are putting a chemical poison in his food as a reprisal for Plaintiff's attack on the correctional guard approximately twelve years ago. (Id.) Plaintiff identifies McAllister, Nuckle, Thomas, Morris, Anderson, Watters, Becerra, Chavez, DeWitt, Ramirez, and Stinson as defendants who are responsible for the food poisoning. (Doc. 35 at 1.) In terms of relief, Plaintiff seeks an investigation into this matter and compensatory damages. (Id. at 3.)

## III.   DISCUSSION

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). Prison officials have a constitutional "duty to ensure that prisoners are provided with adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted).

To establish a violation of this duty, a prisoner must satisfy both an objective and subjective component. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). First, a prisoner must demonstrate an objectively serious deprivation, one that amounts to a denial of "the minimal civilized measures of life's necessities." Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (quoting Rhodes v. Chapman, 452 U.S. 337, 346 (1981)). In determining whether a deprivation is sufficiently serious, "the circumstances, nature, and duration" of the deprivation must be considered. Johnson, 217 F.3d at 731. "The more basic the need, the shorter the time it can be withheld." Hoptowit v. Ray, 682 F.2d 1237, 1259 (9th Cir. 1982). Second, a prisoner must also demonstrate that prison officials acted with a sufficiently culpable state of

mind, that of "deliberate indifference." Wilson, 501 U.S. at 303; Johnson, 217 F.3d at 733. A prison official is liable for denying an inmate humane conditions of confinement only if "the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Despite the Court's guidance in its previous screening order, Plaintiff has failed to allege facts linking each of the named defendants to the alleged Eighth Amendment violation. Plaintiff simply lists numerous defendants and vaguely alleges that all are tampering with or poisoning his food. There is no indication how the defendants are poisoning Plaintiff's food or even if the defendants have access to Plaintiff's food. The dearth of facts simply does not give rise to a plausible claim. See Iqbal, 129 S. Ct. at 1949 (a complaint must contain sufficient factual matter to state a claim that is plausible on its face); see also Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982) (vague and conclusory allegations of official participation in civil rights violations do not state a claim).

For example, in Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, (2009), the Court clarified that,

> a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. **A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"**

Id., emphasis added. The Iqbal Court instructed, "Determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

Here, Plaintiff's allegations are quite fantastic. In essence, Plaintiff claims that numerous prison officials at Kern Valley State Prison are seeking to murder him in order to exact revenge for an event that occurred at a different prison over ten years ago. Plaintiff claims also that for over the last *fifteen* years, other prison officials at other institutions have sought to do the same. It is the experience of this Court that such allegations are not only completely irrational but also entirely frivolous. Iqbal, at 1950.

Accordingly, for all the reasons discussed above, the Court will recommend that this action be

4

dismissed. See Neitzke v. Williams, 490 U.S. 319, 327-28 (1989) (under the in forma papueris statute, a district court has the power to pierce the veil of the complaint's factual allegations and dismiss those that are "fantastic" or "delusional"); Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (dismissal with prejudice upheld where the court had instructed plaintiff on the deficiencies of his pleadings in its prior order dismissing the complaint with leave to amend); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted).

## IV.   OTHER MATTERS

Plaintiff has numerous motions seeking injunctive and miscellaneous relief pending before the Court. Federal courts are courts of limited jurisdiction, and in considering a request for preliminary injunctive relief, must have before it an actual case or controversy. City of Los Angeles v Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Lyons, 461 U.S. at 102.

Here, in light of the Court's recommendation that this action be dismissed for Plaintiff's failure to state a cognizable claim, there is no case or controversy upon which the Court can entertain Plaintiff's motions. Accordingly, the Court also recommends that Plaintiff's outstanding motions for injunctive and miscellaneous relief be denied.

## V.   CONCLUSION

Accordingly, it is **HEREBY RECOMMENDED** that:

1. This action be **DISMISSED** for Plaintiff's failure to state a cognizable claim;
2. This dismissal be counted as a strike pursuant to 28 U.S.C. § 1915(g);
3. Plaintiff's October 15, 2010 motion for a preliminary injunction (Doc. 20) be **DENIED**;
4. Plaintiff's November 4, 2010 motion for reconsideration (Doc. 21) be **DENIED**;
5. Plaintiff's November 17, 2010 motion for reconsideration (Doc. 22) be **DENIED**;
6. Plaintiff's December 6, 2010 motion to see a doctor (Doc. 25) be **DENIED**;
7. Plaintiff's December 9, 2010 motion on grievance dispute (Doc. 27) be **DENIED**;

1     8.     Plaintiff's January 18, 2011 motion for a temporary injunction (Doc. 30) be **DENIED**;

2     9.     Plaintiff's March 10, 2011 motion for assistance (Doc. 32) be **DENIED**;

3     10.     Plaintiff's March 30, 2011 motion for a court order (Doc. 33) be **DENIED**; and

4     11.     This case be **CLOSED**.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file and serve written objections with the Court.  A document containing objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 29, 2011**                                               **/s/ Jennifer L. Thurston**
                                                                              UNITED STATES MAGISTRATE JUDGE